Cary R. Cadonau, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN RASK LLP
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Fax: (503) 221-1074
        Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

TRUSTEES OF THE U.A. UNION LOCAL NO. 290 PLUMBER, STEAMFITTER AND SHIPFITTER INDUSTRY PENSION TRUST, TRUSTEES OF THE U.A. UNION LOCAL NO. 290 PLUMBER, STEAMFITTER AND SHIPFITTER INDUSTRY HEALTH AND WELFARE TRUST, TRUSTEES OF THE U.A. UNION LOCAL NO. 290 PLUMBER, STEAMFITTER AND SHIPFITTER INDUSTRY RETIREE HEALTH TRUST, TRUSTEES OF THE UNITED ASSOCIATION LOCAL NO. 290 APPRENTICESHIP AND JOURNEYMEN TRAINING TRUST FUND, TRUSTEES OF THE U.A. UNION LOCAL NO. 290 PLUMBER, STEAMFITTER AND SHIPFITTER INDUSTRY VACATION, SCHOLARSHIP AND EDUCATIONAL REIMBURSEMENT TRUST, TRUSTEES OF THE PLUMBING AND PIPING MANAGEMENT TRUST FUND, TRUSTEES OF THE INTERNATIONAL TRAINING FUND, and PLUMBERS, STEAMFITTERS AND MARINE FITTERS LOCAL NO. 290,

        Plaintiffs,

    v.

Civil No. _____

**COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA)

Page 1 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

CHARLES EDWARD DALE, dba Sandpiper
Plumbing,

                Defendant.

_____

Plaintiffs allege:

# I

## THE PARTIES

1.      Plaintiffs are the Trustees of the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Pension Trust ("Pension Fund"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Health and Welfare Trust ("Health Fund"), the U.A. Union Local No. 290 the U.A. Union Local No. 290 Plumber, Steamfitter & Shipfitter Industry Retiree Health Trust ("Retiree Health Fund"), the United Association Local 290 Apprenticeship and Journeymen Training Trust Fund ("Local Training Fund"), the U.A. Union Local No. 290 Plumber, Steamfitter and Shipfitter Industry Vacation, Scholarship and Educational Reimbursement Trust ("VSE Fund"), the Plumbing and Piping Management Trust Fund ("Management Fund"), the International Training Fund ("ITF") (collectively, "Trust Funds") and Plumbers, Steamfitters and Marine Fitters Local No. 290 ("Union").

2.      The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. §1002(2)(A) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). The Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund are "employee welfare benefit plans" as that term is defined in 29 U.S.C. §1002(1) of ERISA. Numerous employers pay fringe benefit contributions to the Pension Fund, Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. §1002(37)(A) of ERISA. The Trustees of the

Page 2 – **COMPLAINT**

BROWNSTEIN RASK LLP
1200 SW Main St., Portland, OR 97205
503.221.1772 tel | 503.221.1074 fax

Pension Fund, Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund have discretionary authority to control and manage these funds and are "fiduciaries" of the Trust Funds as that term is defined in 29 U.S.C. §1002(21)(A) of ERISA.

3.    The Management Fund is a trust fund created pursuant to a Trust Agreement and is governed by a board of trustees.  Employers signatory to collective bargaining agreements with the Union make monetary contributions to the Management Fund and the monetary contributions are used to promote and provide support services to the plumbing and pipefitting industries in Oregon, southwest Washington and northern California.

4.    The Union is a labor organization with its principal office and place of business in Washington County, Oregon.

5.    Defendant is an individual residing in Oregon who conducts business under the name Sandpiper Plumbing.  At all times material to this proceeding (August 2018, to date), defendant has been an "employer" as that term is defined in 29 U.S.C. §152(2) of the Labor-Management Relations Act ("LMRA") and 29 U.S.C. §1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§142(1) and (3) of the LMRA and 29 U.S.C. §1002(12) of ERISA.

## II

## JURISDICTION

6.    The Court has jurisdiction over the Claim for Relief brought by the Trustees of the Pension Fund, Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund against defendant for violation of 29 U.S.C. §§1132 (a)(3) and 1145 of ERISA pursuant to the provisions of 29 U.S.C. §1132(e)(1) of ERISA.

///        ///

Page 3 – **COMPLAINT**

7.      At all times material to this proceeding (August 2018, to date), a written collective bargaining agreement existed between the Union and defendant.  The collective bargaining agreement covers employees in an industry affecting commerce, and the activities of defendant affect commerce.  The Court has jurisdiction over the Claim for Relief brought by each plaintiff against defendant pursuant to the provisions of 29 U.S.C. §185(a) of the LMRA.

## III

### JOINDER

8.      The obligations of defendant to plaintiffs arise out of the same collective bargaining agreement.  Common questions of law and fact govern the claims that each plaintiff has against defendant.

## IV

### CLAIM FOR RELIEF

9.      At all times material to this proceeding (August 2018, to date), defendant has been bound by a written collective bargaining agreement with the Union.  Under the terms of the collective bargaining agreement, defendant agreed to be bound by the terms and conditions of the Trust Agreements that created the Trust Funds.  Defendant further agreed to pay fringe benefit contributions on behalf of his employees who performed work covered by the collective bargaining agreement to the Trustees of the Trust Funds, and to remit union dues to the Union. Defendant further agreed to file his monthly remittance report forms and to pay his monthly fringe benefit contributions and union dues to plaintiffs by the due date.

10.      The Trust Agreements that created the Trust Funds provide that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for the delinquent fringe benefit contributions, interest on the delinquent or late paid fringe

Page 4 – **COMPLAINT**

benefit contributions from the date each contribution became due until paid, and liquidated damages. For all Trust Funds, interest is calculated at 12% per annum from the due date, until paid, and liquidated damages are assessed at 10% of the delinquent or late paid contributions, or $10 per month, whichever is greater.

11.     The collective bargaining agreement between the Union and defendant provides that the Union is entitled to recover the delinquent union dues, interest on the delinquent or late paid union dues from the date each payment became due until paid at the rate of nine percent per annum, and liquidated damages in an amount equal to 10% of the delinquent or late paid union dues.

12.     Defendant has not filed his August 2018 through December 2018 remittance report forms, nor paid his required fringe benefit contributions and union dues for those months. The time for doing so has expired. Defendant should be required to file said remittance report forms, together with all remittance reports that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions and union dues that are owed to these plaintiffs based on the information contained therein, pay interest on the delinquent fringe benefit contributions and union dues from the date each payment became due, until paid, and pay liquidated damages on the delinquent fringe benefit contributions and union dues.

13.     The Trust Agreements that created the Trust Funds provide that, in the event an employer fails to pay fringe benefit contributions and legal proceedings are instituted, the Trustees of the Trust Funds are entitled to a reasonable attorney fees. The Trustees of the Trust Funds are entitled to recover a reasonable attorney fees from defendant.

///     ///

///     ///

Page 5 – **COMPLAINT**

14.    The Trustees of the Pension Fund, Health Fund, Retiree Health Fund, Local Training Fund, ITF and VSE Fund are entitled to recover their reasonable attorney fees pursuant to the provisions of 29 U.S.C. §1132(g)(2)(D) of ERISA.

15.    The collective bargaining agreement between the Union and defendant provides that, in the event legal proceedings are instituted to recover delinquent union dues, the Union is entitled to recover a reasonable attorney fees.  Based on the provisions of the collective bargaining agreement, the Union is entitled to recover its reasonable attorney fees from defendant.

WHEREFORE, plaintiffs pray for a decree and judgment against defendant as follows:

1.    Requiring defendant to file his August 2018 through December 2018 remittance report forms, together with all remittance reports that become due throughout the pendency of this lawsuit, pay all delinquent fringe benefit contributions and union dues that are owed to plaintiffs based on the information contained therein, pay interest on the delinquent fringe benefit contributions and union dues from the date each payment became due until paid, and pay liquidated damages on the delinquent fringe benefit contributions and union dues;

2.    Providing that plaintiffs shall retain the right to conduct a future payroll examination of defendant's books and records in order to ensure that all required fringe benefit contributions and union dues have been paid; and further, in the event such future payroll examination reveals that delinquent fringe benefit contributions and/or dues are owed, providing that plaintiffs shall have the right to institute legal proceedings against defendant to recover the delinquent fringe benefit contributions and/or union dues found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorney fees and court costs;

Page 6 – **COMPLAINT**

3.      Requiring defendant to pay plaintiffs' reasonable attorney fees;

4.      Requiring defendant to pay plaintiffs' costs and disbursements incurred herein;

and

5.      For such further equitable relief as the Court deems just and proper.

DATED this 8th day of February 2019.

**BROWNSTEIN RASK, LLP**


/s/ Cary R. Cadonau
Cary R. Cadonau, OSB #002245
Attorney for Plaintiffs

Page 7 – **COMPLAINT**